# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Susan Shain** | * | |
| **18927 Diller Drive** | | |
| **Hagerstown, Maryland 21742** | * | |
| | | |
| **Plaintiff** | * | |
| | | |
| v. | * | Case No. _____ |
| | | |
| **Washington County, Maryland** | * | |
| **100 West Washington Street** | | |
| **Hagerstown, Maryland 21740** | * | |
| | | |
| **Housing Authority of Washington County** | * | |
| **319 East Antietam Street 2nd Floor** | | |
| **Hagerstown, Maryland 21740** | * | |
| | | |
| **Defendants** | * | |

## **COMPLAINT**

Plaintiff, Susan Shain, by and through undersigned counsel, states a complaint against Defendants Washington County, Maryland ("Defendant Washington County"), and the Housing Authority of Washington County ("Defendant HAWC") (collectively, "Defendants"), pursuant to the Family & Medical Leave Act, 29 U.S.C. § 2611 et seq. ("FMLA"), and states as follows:

### **Jurisdiction and Venue**

1. This court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

2. Venue and personal jurisdiction are proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because all of the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants are principally located in this judicial district.

1

## Parties

3. Plaintiff Susan Shain ("Plaintiff") is an adult individual, who current resides at 18927 Diller Drive, Hagerstown, Maryland 21742.

4. Plaintiff is an employee within the meaning of the FMLA.

5. Specifically, Plaintiff satisfied all conditions precedent to being an "employee" covered under the FMLA, including working more than 1,250 hours in a one-year period.

6. Defendant Washington County, at all relevant times, continuously has been a county government and a political subdivision of the State of Maryland.

7. Defendant Washington County maintains an office and employs individuals at 100 West Washington Street, Hagerstown, Maryland 21740.

8. Defendant HAWC is a public body authorized under the laws of the State of Maryland and created and organized by Defendant Washington County, in furtherance of the mission of providing governmental services to the citizens of Washington County, Maryland, by developing and operating housing and housing programs for low-income families within the borders of Washington County, Maryland.

9. Defendant HAWC maintains an office and employs individuals at 319 East Antietam Street, 2nd Floor, Hagerstown, Maryland 21740.  Defendant Washington County has more than 50 full-time employees within a 75-mile radius.

10. Both Defendant Washington County and Defendant HAWC satisfy the definition of a "public agency," 29 U.S.C. § 2614(4)(a)(iii), and are therefore covered by the FMLA *ipso facto*.

11. Alternatively, Defendant Washington County and Defendant HAWC, together, have more than 50 full-time employees within a 75-mile radius.

12. Therefore, during all relevant times herein, Defendant HAWC and Defendant Washington County constitute a single integrated employer under FMLA, and the number of each of their employees render Plaintiff's employer covered by the FMLA.

13. Additionally, Defendant HAWC and Defendant Washington County constitute a joint employer under FMLA, rendering Plaintiff's employer covered by the FMLA.

**Factual Background**

14. At all times, Plaintiff performed work to further the purposes of Defendant HAWC and Defendant Washington County.

15. Plaintiff worked as a Housing Choice Voucher Specialist for Defendant HAWC from July 2022 through her termination in September 2023.

16. Defendant Washington County and Defendant HAWC are highly integrated, both operationally, politically and economically, such that Defendant HAWC is, as an economic reality, a department or agency within Defendant Washington County.

17. Defendant HAWC was created by Defendant Washington County by its filing of Articles of Organization with the Maryland Secretary of State.

18. Defendant HAWC appears on a "organizational chart" as one of the departments or public agencies that report to Defendant Washington County's County Commissioners.

19. A true and correct copy of the organizational chart of Defendant Washington County's government is attached hereto as Exhibit A.

20. Defendant Washington County appoints all members of Defendant HAWC's Board of Commissioners.

21. Defendant Washington County appoints one of its County Commissioners to sit on Defendant HAWC's Board of Commissioners.

22. Upon information and belief, Defendant Washington County's Human Resources Division assists in the creation of employment policies impacting workers of Defendant HAWC and maintains employment records for Defendant HAWC. Moreover, and upon information and belief, Defendant Washington County exercised control over HAWC's employment and labor practices, including the power to investigate, discipline, and terminate employees of Defendant HAWC.

23. For example, Plaintiff was provided an employee handbook that contained a policy providing entitlement to leave under the Family and Medical Leave Act. This policy, and other employment policies, were created by Defendant Washington County's Human Resources Division.

24. Upon information and belief, retirement, health and other employee benefits provided to employees of Defendant HAWC are administered by Defendant Washington County.

25. When Plaintiff was terminated from her employment, Defendant Washington County's Human Resources Division sent Plaintiff a "COBRA" continuation of benefits election form.

26. Upon information and belief, Defendant Washington County has authority to set Defendant HAWC's policies for the distribution of housing assistance funds.

27. Upon information and belief, Defendant Washington County has authority to approve or disapprove of housing projects planned and proposed by Defendant HAWC.

28. Defendant Washington County and Defendant HAWC are recognized as an integrated employer under the FMLA, as they are treated as a single government entity in the 2022 Census of Governments issued by the U.S. Census Bureau.

29. Maryland law recognizes the close local ties that county housing authorities have with county governments, as they are defined as a "local government" under Maryland's Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-301(d)(15).

30. Prior to beginning work at the Housing Authority, Plaintiff was diagnosed with Wolff-Parkinson-White disorder, a congenital heart defect that can cause rapid and irregular heartbeats which may lead to sudden cardiac death.

31. In an employee handbook provided to Plaintiff, Defendant HAWC informed Plaintiff that she and all permanent full-time employees are entitled to Family and Medical Leave as required by law under the FMLA.

32. On or about August 17, 2023, Plaintiff experienced a severe medical episode while at work, marked by an extremely fast heartbeat.

33. Plaintiff conferred with two doctors, including a cardiologist, who informed her that her rapid heartbeat was exacerbated by stress.

34. Plaintiff's doctors informed her that she needed to take at least two weeks' leave from work and provided her with a note detailing this need.

35. On or about August 17, 2023, Plaintiff called and emailed Morgan Gower, Executive Director of the Housing Authority, to inform her of her need to take immediate leave from work.

36. In these communications, Plaintiff also requested information regarding short-term disability benefits.

37. Although Morgan Gower promised to call Plaintiff back shortly, Gower did not respond to any of Plaintiff's communications until the following Monday.

38. Rather than grant Plaintiff's request to take FMLA leave, Defendants, through their officer Morgan Gower, denied Plaintiff her FMLA rights to leave by pressuring her to immediately return to work.

39. On or about Monday, August 22, 2023, Gower emailed Plaintiff and instructed her to report to work at the Housing Authority or face termination.

40. Gower told Plaintiff that, in contradiction to the expressed written FMLA policy listed in Defendant HAWC's employee handbook, that Defendant HAWC had too few employees to be a covered employer under the FMLA and that, by implication, Plaintiff therefore had no right under the FMLA to take medical leave.

41. In seeking to deny Plaintiff her requested leave, Gower's actions were intended to retaliate and interfere with Plaintiff's protected FMLA rights.

42. Under duress and threat of termination, Plaintiff shortly thereafter responded to Gower's demand and promised to return to work the following Monday.

43. Upon Plaintiff agreeing to cut short her FMLA leave, Defendants, through their officer Morgan Gower, with a further intent to retaliate and interfere with Plaintiff's exercise of her federally protected FMLA rights, emailed Plaintiff and asked Plaintiff to acquire a revised Doctor's note clearing a return to work the following Monday.

44. Plaintiff responded that such a revision would not be sanctioned by her medical professionals.

45. On or about August 28, 2023, Plaintiff returned to work in accordance with Gower's demands.

46. However, Defendant HAWC refused to reinstate Plaintiff to her position.

47. Rather, Gower instructed Plaintiff to leave the premises, stating that Plaintiff lacked a medical authorization to return to work.

48. On or about September 1, 2023, Defendant HAWC terminated Plaintiff's employment.

49. Upon information and belief, this termination was done after Grower communicated with Defendant Washington County's Human Resources Division.

50. Thereafter, Defendant Washington County's Human Resources Division sent Plaintiff information regarding continuation of the health care coverage that Defendant Washington County provided Plaintiff.

## COUNT I

**VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2615(a)(1)**
**(Interference (Denial of Leave and Reinstatement))**
**(All Defendants)**

51. Paragraphs 1 to 50 are incorporated herein as if set forth in full.

52. Plaintiff was an eligible employee under the FMLA since just prior to her requesting leave, she had worked for Defendants continuously for at least 12 months and for at least 1,250 hours of service.

53. At the time in which Plaintiff requested leave and through the date of her termination, Defendant Washington County was an employer subject to the FMLA, as defined under 29 U.S.C. § 2611(4)(A)(iii).

54. At the time in which requested leave and through the date of her termination, Defendant HAWC was an employer subject to the FMLA, as defined under 29 U.S.C. § 2611(4)(A)(iii).

55. Together, Defendant Washington County and Defendant HAWC constitute a single integrated employer under the FMLA, 29 C.F.R. § 825.104(c)(2) and/or constitute a joint employer under the FMLA, 29 C.F.R. § 825.106.

56. 29 U.S.C. § 2612(a)(1)(D) entitles covered employees to take "a total of 12 workweeks of leave" in the event of a serious health condition that renders the employee unable to perform the functions their position.

57. Plaintiff experienced a "serious health condition" as defined by the FMLA, which rendered her unable to work for a period of time for which she was qualified for FMLA leave.

58. Plaintiff was therefore entitled to a minimum of twelve workweeks of leave under the FMLA during any rolling twelve-month period.

59. Plaintiff provided her employer notice of her intention to take FMLA leave on or about August 17, 2023.

60. Defendants interfered with Plaintiff's federally protected rights to FMLA leave, by depriving Plaintiff of her leave rights and threatening to terminate her if she did not cut her leave short and return to work.

61. Once it became clear that Plaintiff would return to work under duress, Defendants' agent Gower demanded a fitness for duty certification, not as part of any genuine effort or concern over whether the Plaintiff could carry her job duties, functions and responsibilities, but rather to place the Plaintiff in an untenable position, i.e., a "Catch-22" wherein Plaintiff is forced to return in contravention of existing medical orders yet still required to produce medical documentation that states that she can return to work.

62. These actions were deliberately taken with the intent to interfere with, restrain and deny Plaintiff her rights to take protected FMLA leave and her right to be reinstated to her position.

63. Defendants' conduct with respect to Plaintiff is a violation of the FMLA, insofar as it interferes with and denies Plaintiff of her rights under FMLA. See 29 U.S.C. § 2615(a).

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to suffer losses including, but not limited to, lost income, lost benefits, lost earning capacity (past and future), monetary losses, and attorney's fees.

### COUNT II
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### 29 U.S.C. § 2615(a)(2)
### (Discrimination (Retaliation))
### (All Defendants)

65. Paragraphs 1 to 64 are incorporated herein as if set forth in full.

66. Plaintiff attempted to exercise Plaintiff's FMLA rights.

67. Defendant retaliated against Plaintiff for attempting to exercise Plaintiff's FMLA rights.

68. Defendant did this, by deliberately depriving Plaintiff of her leave rights, while placing Plaintiff in the "Catch-22" identified and complained of in paragraph 59, supra.

69. Defendant discriminated against Plaintiff by treating her differently than other employees of Defendant Washington County and/or Defendant HAWC, who sought medical leave (including FMLA leave).

70. Defendant's actions were willful and malicious, and Plaintiff was injured as a result of these actions, to which Plaintiff is entitled to both legal and injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Susan Shain respectfully requests that this Court enter judgment in her favor against Defendants Washington County, Maryland and the Housing Authority of Washington County, equitable relief in the form of reinstatement (or in the alternative, front pay), as well as monetary damages equal to the amount of wages, employment benefits, and any other actual monetary losses sustained, interest, liquidated damages as provided by the FMLA (29

U.S.C. § 2617(a)), reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

Respectfully submitted,

/s/  Howard B. Hoffman (with permission of Jordan Liew)

Howard B. Hoffman (Fed. Bar No. 25965)
Jordan S. Liew, Esq. (Fed. Bar No. 20509)
HOFFMAN EMPLOYMENT LAW, LLC
2400 Research Boulevard, Suite 380
Rockville, Maryland 20850
T: (301) 251-3752
F. (301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

*Attorneys for Plaintiff*

## Jury Demand

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.

/s/ Howard B. Hoffman
Howard B. Hoffman, Esq.

10